O

# United States District Court
# Central District of California

| | |
|---|---|
| ARTHUR OGANESYAN, | Case No. 2:14-cv-05184-ODW(JCx) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO** |
| AT&T MOBILITY SERVICES, LLC; | **REMAND [11]** |
| DOES 1-50, inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Arthur Oganesyan moves to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction.  (ECF No. 11.)  Oganesyan argues that Defendant AT&T Mobility Services, LLC failed to establish diversity jurisdiction under 28 U.S.C. § 1332.  For the reasons discussed below, the Court finds that the amount in controversy exceeds $75,000 and there is diversity of citizenship. Therefore, this Court **DENIES** Plaintiff's Motion to Remand.[1]  (ECF No. 11.)

## II.   FACTUAL BACKGROUND

Oganesyan's claims arise from the termination of his employment.  On May 30, 2014, Oganesyan filed this action in state court, alleging two state-law violations:

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

(1) wrongful discharge in violation of public policy, and (2) violation of the Business & Professions Code § 17200. (Not. of Removal Ex. A).  He alleges that he worked for AT&T as a customer sales representative for nearly three years prior to being wrongfully terminated in June 2012.  (Compl. ¶¶ 10, 14.)

Oganesyan alleges that during his employment he suffered from various health conditions of which his employers were aware.  (*Id.* ¶ 11.)  He suffered injuries to his knees and ankles that required certain work restrictions.  (*Id.*)   His supervisors provided him with a stool but asked him not to use it when customers were in the store.  (*Id.*)   On May 30, 2012, he injured his knee while helping a customer.  (*Id.* ¶ 13.)   His doctor stated that he needed surgery and possibly three to six months off work.  (*Id.*)   He informed his managers of his doctor's orders and gave them a medical certification that stated his work duties should be light for three weeks.  (*Id.*) On June 7, 2012, AT&T terminated his employment.  (*Id.* ¶ 14.)

On May 30, 2014, Oganesyan commenced this action in Los Angeles County Superior Court.  (Not. of Removal Ex. A.)  AT&T removed the action to this Court on July 3, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 1.)   On August 19, 2014, Oganesyan moved to remand this action.  (ECF No. 11.)  AT&T timely opposed.  (ECF No. 13.) Oganesyan's Motion is now before the Court for decision.

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The

party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction.  To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).

## IV.   DISCUSSION

The parties dispute whether the amount in controversy and citizenship requirements for diversity jurisdiction have been satisfied. Oganesyan has not specified the amount of damages he seeks.  Therefore, as the proponent of federal jurisdiction, AT&T bears the burden of establishing that the amount in controversy exceeds $75,000 and the citizenship of the parties is diverse.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090 (9th Cir. 2003).

AT&T notes that Oganesyan seeks compensation for lost earnings, emotional distress, punitive damages, and attorney's fees and contends that these damages, in the aggregate, satisfy the amount in controversy requirement. AT&T also provided information to establish diversity of citizenship between the parties. This Court considers each issue in turn.

**A.     Amount in Controversy**

The Court finds that when aggregating all of the damages Oganesyan seeks the amount in controversy exceeds the jurisdictional minimum.

*1.     Lost earnings*

Oganesyan alleges that, "[a]s a proximate result of the wrongful acts of defendants, and each of them, Plaintiff has suffered and continues to suffer actual,

3

consequential, and incidental financial loses, including without limitation, loss of salary and benefits . . . ." (Compl. ¶ 19.)  AT&T contends that Oganesyan's lost earnings from the date of his termination through the date of removal of this action is $65,260.  (Opp'n. ¶ 6.)  AT&T reached this number by doubling Oganesyan's annual salary of $32,630.00 because his termination date was approximately two years ago. (Begue Decl. ¶ 5.)  The Court agrees with AT&T's estimate of back pay since it takes into account the total wages Oganesyan would have earned from the date he ceased working for AT&T on June 7, 2012, to the time of removal. Moreover, it is not unreasonable to expect these compensatory damages to exceed $65,260 as this case approaches trial. *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002).  Therefore, Oganesyan's claims of lost earnings are $65,260 of the $75,000 jurisdictional minimum.

> 2. *Emotional-distress and punitive damages*

AT&T contends that emotional-distress damages and punitive damages will meet the amount in controversy requirement when coupled with compensatory damages.  (Not. of Removal ¶ 18.)  In determining the amount in controversy, the Court may include the request for punitive damages and emotional-distress damages if a plaintiff may recover them under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002).  California law allows the recovery of punitive damages based on FEHA claims, wrongful termination, and intentional infliction of emotional distress. *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980); *Simmons*, 209 F. Supp. 2d at 1033. To establish emotional-distress and punitive damages, "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

AT&T cites several California wrongful-termination cases.  (*Id.*)  All the Plaintiffs in these cases received large sums of punitive damages, some totaling over $75,000. *See, e.g.*, *Amigon v. Cobe Color Cosmetics*, No. BC378685 (Cal. Super. Ct.

1   Apr. 15, 2009) ($52,000 in punitive damages for an employee who was terminated
2   after taking medical leave).  Oganesyan argues that AT&T made no effort to analogize
3   these cases to his case and disputes that they are analogous.  (Mot. 8.)

4          The cases cited by AT&T are analogous to this case.  The cases cited by AT&T
5   include awards based on the very same FEHA violation that makes up Oganesyan's
6   claim: wrongful termination in violation of public policy of an employee who had to
7   take medical leave. Since all the punitive-damage awards that AT&T proffers exceed
8   $50,000, it is plausible that Oganesyan could be awarded a similar amount for his
9   non-economic damages.  Combined with the $65,260.00 in lost earnings, Oganesyan's
10  potential punitive damages meet the amount-in-controversy requirement.

11          *3.     Attorney's fees*

12         Oganesyan also seeks to recover attorney's fees.  (Compl. 6.)  He argues that
13  the Court should only consider attorney's fees accumulated at the time of removal
14  because anything else would be too speculative.  (Mot. 8.) This Court disagrees.  So
15  long as an underlying statute authorizes an attorney's fees award to a successful
16  litigant, attorney's fees can be taken into consideration when determining the amount
17  in controversy.  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155 (9th Cir. 1998).
18  Therefore, when calculating the amount in controversy the Court does not merely
19  consider those fees which have already incurred; rather, it looks to the amount that can
20  be reasonably estimated.  *Simmons*, 209 F. Supp. 2d at 1035.

21         While AT&T has not provided this Court with enough evidence to surmise how
22  much attorney's fees will be, the aggregate damages total resulting from lost earnings,
23  emotional distress, punitive damages, and attorney's fees well exceeds the
24  jurisdictional minimum.

25  **B.     Diversity**

26         It is undisputed that Oganesyan is a citizen of California. Rather, Oganesyan
27  attacks the credibility of Jackie Begue, who is the Senior Paralegal and Assistant
28  Secretary for AT&T Mobility Corporation, the Manager of AT&T Mobility LLC.

(Mot. 4).   Oganesyan claims that Begue is not able to establish the citizenship of AT&T because she lacks personal knowledge.  (*Id.*)  AT&T is a Limited Liability Corporation, and "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).   A party must list the citizenship of all the members of the LLC in order to sufficiently establish the citizenship of the LLC itself.   *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004).

Begue declared that Defendant is comprised of one member, AT&T Mobility II LLC.  (Begue Decl. ¶ 3.)   AT&T Mobility II LLC is itself also a limited liability company comprised of four members whose respective states of citizenship are Delaware, Georgia, and Texas.  (Begue Supp. Decl. ¶ 5.)  Begue outlined her role as the Senior Paralegal and Assistant Secretary for the Court.  (*Id.* ¶ 4.)   She explained that it is within the scope of her employment to have knowledge of company records regarding where the members of AT&T Mobility are incorporated and their principal places of business.  (*Id.*)  The Court finds that the information provided by AT&T and Begue is more than sufficient to establish complete diversity between parties.

## V.   CONCLUSION

For the reasons discussed above, the Court finds that there is subject-matter jurisdiction over this action under 28 U.S.C. § 1332.  Accordingly, the Court **DENIES** Oganesyan's Motion to Remand.  (ECF No. 11.)

**IT IS SO ORDERED.**

September 18, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

6